IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MELVIN L. PERKINS**                                                              **PLAINTIFF**

v.                                                          CIVIL ACTION NO. 1:19-cv-00129-JCG

**SHETICA LOCKHART,**
**UNKNOWN HOLDERMAN, and**
**UNKNOWN NICKS**                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING CASE AS FRIVOLOUS

BEFORE THE COURT is a suit filed *pro se* and *in forma pauperis* by Plaintiff Melvin L. Perkins, a postconviction inmate in the custody of the Mississippi Department of Corrections. Perkins brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The Prison Litigation Reform Act applies because Perkins was incarcerated when he filed this suit. *See* 28 U.S.C. § 1915(g). For the reasons set forth below, this suit, which is based on an alleged assault on August 20, 2015 must be dismissed as time barred and thus legally frivolous.

BACKGROUND

Perkins is proceeding *pro se* and *in forma pauperis*. He signed his initial Complaint on February 26, 2019. The Complaint was received by the Clerk of Court through mail on March 11, 2019. In the Complaint, Plaintiff alleges that on August

20, 2015, he was assaulted by correctional officers Ronnie Lampley, Shetica Lockhart, "Unknown" Holderman, and "Unknown" Nicks. Lockhart, Holderman, and Nicks are Defendants in this suit.

Perkins' claim that he was assaulted by Lampley on August 20, 2015, was the subject of a previous lawsuit filed by Plaintiff, *Perkins v. Arnold*, No. 1:17-cv-171-RHW (S.D. Miss. ) ("*Arnold*"), which was pending when Plaintiff filed this suit.[1] On April 15, 2019, the claims in *Arnold* were dismissed without prejudice because Plaintiff did not exhaust administrative remedies prior to filing suit. Plaintiff appealed the dismissal of *Arnold* to the Court of Appeals for the Fifth Circuit. On March 20, 2020, the Fifth Circuit issued a judgment as mandate that dismissed the appeal for lack of jurisdiction because the appeal was untimely.

In this suit, Perkins was ordered to show cause why his claims arising from an alleged assault on August 20, 2015, should not be dismissed with prejudice as time barred and thus legally frivolous under 28 U.S.C. § 1915(e)(2)(b). In response, Perkins filed a "Motion to Show Cause" [41] and a "Motion to Advise" [43]. Neither addressed the statute of limitations issue.

## STANDARD OF REVIEW

When a prisoner seeks to proceed in forma pauperis, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines" that the complaint is frivolous,

---

[1] Plaintiff signed the Complaint in *Arnold* on May 24, 2017, and it was received by the Clerk through mail on June 7, 2017.

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B); *see* 28 U.S.C.A. § 1915A (stating that when a prisoner seeks redress from a governmental entity or one of its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

Under the IFP statute, 28 U.S.C. § 1915, if a prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted, the prisoner's privilege to proceed in forma pauperis will be denied unless the prisoner demonstrates that he or she is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Denial of in forma pauperis status under the three strikes provision does not affect a prisoner's substantive rights or block his or her access to the courts. *Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996). *Id.* A prisoner may still pursue claims after three qualifying dismissals, but he or she must first pay the filing fee. *Id.* at 386-87.

3

DISCUSSION

In an action governed by 28 U.S.C. § 1915, a district court may *sua sponte* raise the defense of limitations. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). The Court did so here, issuing an Order to Show Cause [40] that required Perkins to show cause why his claims arising from an alleged assault on August 20, 2015, should not be dismissed with prejudice as time barred and thus legally frivolous under 28 U.S.C. § 1915(e)(2)(b). Perkins filed two Motions in response to the Order to Show Cause, but he has not addressed the statute of limitations issue. Perkins' claims are time barred.

42 U.S.C. § 1983 provides no specified federal statute of limitations. For claims made pursuant to this civil rights statute, the limitations period is governed by the law of the state in which the action is filed. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir.1998); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993); *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir.1992).

To determine the applicable statute, "federal courts borrow the forum state's general or residual personal injury limitations period." *Rodriguez*, 963 F.2d at 803. For cases brought in Mississippi, the three-year statute of limitations of Miss. Code Ann. § 15–1–49 applies. *James v. Sadler*, 909 F.2d 834, 836 (5th Cir.1990); *Shelby v. McAdory*, 781 F.2d 1053, 1054 (5th Cir.1986); *McClain v. Laster*, No. 3:14CV366-HTW-LRA, 2015 WL 7575338, at *2–3 (S.D. Miss. Oct. 27, 2015), report and recommendation adopted, No. 3:14-CV-366-HTW-LRA, 2015 WL 7681266 (S.D. Miss. Nov. 25, 2015).

Proscribed claims are properly dismissed as frivolous. *See, e.g., Ramon v. Rodriguez Mendoza*, No. 09–50607, 2010 WL 1287062, *1 (5th Cir. Apr. 1, 2010); *Favre v. Mississippi*, No. 1:10cv32, 2010 WL 2025533 (S.D. May 19, 2010); *Brown v. Pool*, 79 F.App'x 15, 17 (5th Cir.2003); *Gonzales*, 157 F.3d at 1019-20. A district court may *sua sponte* dismiss a complaint as frivolous on statute of limitations grounds if it is clear from the face of a complaint that the claims are time-barred. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir.1994). The court is not required to give a plaintiff the opportunity to respond to the time-bar issue prior to dismissing his or complaint. *Brown*, 79 App'x at 17.

While Mississippi law governs the applicable limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). An action accrues when a plaintiff has a "complete and present cause of action." *Id*. The limitations period begins to run when a plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured; actual knowledge is not required. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir.2010).

The federal courts use the forum state's applicable tolling provisions. *Rodriguez,* 963 F.2d at 803. Courts in this district have ruled that Mississippi law does not afford a tolling provision for incarceration. *Flowers v. Barlow*, No. 3:14cv749–CWR, 2014 WL 6982653, *1–2 (S.D. Miss. Dec. 9, 2014) (citations omitted). Neither does the "ignorance of ... legal rights, or failure to seek legal advice" toll the statute of limitations. *Id*. at 2 (citations omitted).

5

The alleged assault from which Perkins' allegations arise occurred on August 20, 2015. The applicable prescription period for claims arising from the assault, if not tolled, expired August 20, 2018. Perkins did not file his Complaint until February 26, 2019, at the earliest. Perkins' claims based on an alleged August 20, 2015 assault are dismissed with prejudice as legally frivolous under 28 U.S.C. § 1915(e)(2)(b).

Dismissal of this suit counts as a "strike" under 28 U.S.C. § 1915(g). Perkins is cautioned that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while incarcerated unless he is in imminent danger of some physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered today.

**IT IS, THEREFORE, ORDERED** that Perkins' claims are dismissed with prejudice as legally frivolous under 28 U.S.C. § 1915(e)(2)(b). This dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

**IT IS, FURTHER, ORDERED** that Perkins' pending Motions [28] [41] [43] are **DENIED**.

**SO ORDERED**, this the 30th day of September, 2020.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE